IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RUSSELL HESS, III,** <br> Plaintiff, | **CIVIL ACTION** |
| v. | |
| **NANCY A BERRYHILL AND SOCIAL SECURITY ADMINISTRATION,** <br> Defendants. | **NO. 17-1223** |

# O R D E R

**AND NOW**, this 5th day of April, 2018, upon consideration of Plaintiff's Brief and Statement of Issues in Support of Request for Review (ECF No. 10), Defendant's Response to Request for Review (ECF No. 11), Plaintiff's Reply Brief (ECF No. 12), and after review of the Report and Recommendation of United States Magistrate Judge Carol Sandra Moore Wells on January 25, 2018 (ECF No. 13), as well as Defendant's Objections thereto (ECF No. 14), **IT IS ORDERED** that:

1. The Report and Recommendation is **APPROVED** and **ADOPTED**;[1]

---

[1] On July 18, 2013, Plaintiff applied for disability insurance benefits ("DIB") and supplemental security income ("SSI"). On November 18, 2015, Plaintiff appeared before ALJ Barbara Artuso, where a vocational expert, Irene Montgomery, testified. The ALJ proceeded through the required five-step sequential framework to determine whether Plaintiff was disabled. *See* 20 C.F.R. §§ 416.920(4). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date. At step two, the ALJ concluded that Plaintiff had a litany of "severe" impairments. The ALJ also determined Plaintiff had "moderate" impairment in concentration, persistence or pace. In making this conclusion, the ALJ rejected the opinion of the State psychological consultant, who determined that Plaintiff's limitations were mild. However, the ALJ specifically found that claimant's self-reported activities of daily living "are consistent with an individual who is able to perform simple, routine tasks."

At step three, the ALJ determined that none of the physical or mental impairments meets the requirements of severity listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ determined that Plaintiff "has the residual functional capacity to perform sedentary work . . . except that he . . . is limited to jobs requiring understanding, remembering, and carrying out only simple instructions and making on simple work-related decisions." At step four, based on the residual functional capacity assessment, the ALJ found that Plaintiff could not perform any of his relevant past work. Finally, at step five, the ALJ relied on the testimony of the vocational expert to conclude that Plaintiff could perform work still existing in the national economy. At step five, the ALJ did not incorporate her finding of a "moderate" limitation in concentration, persistence, or pace in a hypothetical she posed to the vocational expert. Instead, she asked the vocational expert if a person "limited to jobs requiring understanding, remembering, and carrying out only simple instructions making only simple, work related decisions, involving no interaction with

2. The relief sought by Plaintiff is **GRANTED** as described below;

3. The case is **REMANDED** to the Commissioner pursuant to the fourth sentence of 42 U.S.C. § 405(g), and, in accordance with the Report and Recommendation, "so that the Administrative Law Judge can include her finding that Plaintiff has moderate limitation in maintaining concentration, persistence or pace when determining Plaintiff's residual functional capacity at steps four and five of the sequential evaluation process."

4. The Clerk of Court shall **CLOSE** this matter statistically.


**BY THE COURT:**

**/s/Wendy Beetlestone, J.**

_____

**WENDY BEETLESTONE, J.**

---

the general public or coworkers" could perform a job in the national economy.

    Magistrate Judge Wells determined that the hypothetical did not comply with the Third Circuit's holding in *Ramirez v. Barnhart*, 372 F.3d 546 (3d Cir. 2004). In *Ramirez*, the Third Circuit reiterated that a hypothetical must account for all of an applicant's impairments. The court disapproved of a hypothetical restricting an applicant's potential work to "simple tasks" when an ALJ also finds that the applicant "often" has deficiencies in concentration, persistence, or pace. *Id.* at 554. Nevertheless, three unreported Third Circuit cases have held that a hypothetical restricting an applicant to simple tasks is sufficient even where an ALJ has determined that the applicant possesses moderate difficulties in concentration, persistent or pace. *See Holley v. Comm'r of Soc. Sec.*, 590 F. App'x 167, 168 (3d Cir. 2014); *McDonald v. Astrue*, 293 F. App'x 941, 946 (3d Cir. 2008); *Menkes v. Astrue*, 262 F. App'x 410, 412 (3d Cir. 2008). This Court recently addressed this conflict between the reported and unreported decisions. *See Sawyer v. Berryhill,* No. 17-cv-644, slip op. (E.D. Pa. April 5, 2018). This Court will continue to apply the holding of *Ramirez* and finds that a remand is necessary in light of the continued viability of that case. Judge Wells' Report and Recommendation is adopted in full.